# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BRANDON HENDERSON, | No. 84955-7-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| NORTHWEST YOUTH SERVICES, | |
| Respondent. | |

PENNELL, J.* — Brandon Henderson is a victim of childhood sexual abuse. He filed a lawsuit against his abuser in 2018. In 2020, Mr. Henderson successfully sued the Department of Social and Health Services (DSHS) for failing to adequately monitor or supervise his foster care. During discovery in that case he learned Northwest Youth Services (NWYS) also oversaw his foster care. Mr. Henderson then sued NWYS in 2022, but the case was dismissed under the statute of limitations pursuant a then-binding decision of Division Two of this court. The Supreme Court recently reversed Division Two's decision, holding that it had interpreted the statute of limitations too narrowly. *Wolf v. State*, No. 101477-5 (Wash. Sept. 7, 2023), https://www.courts.wa.gov/opinions/pdf/1014775.pdf. Mr. Henderson's case is controlled by the recent Supreme Court decision.

---

* The Honorable Rebecca Pennell is a Court of Appeals, Division Three, judge sitting in Division One pursuant to CAR 21(a).

Because Mr. Henderson filed suit against NWYS within the statute of limitations as interpreted by the Supreme Court, the order of dismissal is reversed.

FACTS AND PROCEDURAL HISTORY[1]

On June 25, 2018, Mr. Henderson filed a lawsuit against Ernest Slattery for childhood sexual abuse. The suit appears to have concluded with an agreed order of dismissal.

In April 2020, Mr. Henderson filed a second lawsuit, this time against DSHS. In October 2020, Mr. Henderson received discovery documents from DSHS showing DSHS had contracted with NWYS to manage Mr. Henderson's foster care. Before receiving this discovery, Henderson was unaware of NWYS's involvement. Mr. Henderson prevailed in his suit against DSHS after a bench trial.

Mr. Henderson filed suit against NWYS on July 21, 2022. NWYS never answered the complaint. Instead, NWYS moved for summary judgment based on violation of the three-year statute of limitations set forth by RCW 4.16.340. Mr. Henderson filed a cross motion for summary judgment on the issue of liability.

Relying on Division Two's decision in *Wolf v. State*, 24 Wn. App. 2d 290, 519 P.3d 608 (2022), *rev'd*, No. 101477-5 (Wash. Sept. 7, 2023), the trial court granted NWYS's motion for summary judgment. The court did not act on Mr. Henderson's summary judgment motion.

Mr. Henderson has filed a timely appeal of the summary judgment order.

---

[1] Consistent with the applicable standard of review, we present the facts in the light most favorable to nonmoving party, Mr. Henderson.

ANALYSIS

We review summary judgment orders de novo. *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 226, 770 P.2d 182 (1989). The question is whether, viewing the evidence in the light most favorable to the nonmoving party, there is a genuine issue of material fact for trial. *Id.* at 225.

The trial court granted NWYS's motion for summary judgment under the statute of limitations. The governing statute is RCW 4.16.340(1)(c), which provides in relevant part, "All claims or causes of action based on intentional conduct brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse shall be commenced . . . [w]ithin three years of the time the victim discovered that the act caused the injury for which the claim is brought." The time period for the commencement of an action based on childhood sexual abuse is tolled until the child victim reaches 18 years of age. RCW 4.16.340(1).

At the time of the trial court's summary judgment decision, Division Two's decision in *Wolf* held that the triggering date for the three-year statute of limitations under RCW 4.16.340(1)(c) is the date a victim of childhood sexual abuse discovers a causal connection between an intentional act of abuse and the resulting injuries, regardless of when the victim may later learn of a third party's separate negligent act related to that same sexual abuse. 24 Wn. App. 2d at 303-06. Because Mr. Henderson learned of the causal connection between his abuse at the hand of Mr. Slattery and his injuries more than three years before filing suit against NWYS, the trial court found *Wolf*'s analysis supported dismissal under the statute of limitations.

The Supreme Court granted review in *Wolf* and reversed the Court of Appeals. The Supreme Court disagreed that the statute of limitations for a negligence claim against a third party is triggered by the date the victim learned they were injured by an intentional childhood sexual assault. Instead, "pursuant to the plain language of RCW 4.16.340(1)(c), a negligence claim accrues when a victim recognizes the connection between a third party's wrongful conduct and the victim's resulting injury." *Wolf*, slip op. at 16.

The Supreme Court's decision in *Wolf* controls the outcome of this appeal. Mr. Henderson discovered the connection between his injuries and NWYS's alleged negligence in October 2020, during the discovery phase of his case against DSHS. Mr. Henderson filed suit against NWYS less than three years later. This was timely under RCW 4.16.340(1)(c). The trial court's order of summary judgment is therefore reversed.

Because we reverse the order of summary judgment in favor of NWYS, we need not address Mr. Henderson's alternative arguments that NWYS waived its statute of limitations defense or that the superior court erred by denying his CR 56(f) motion.

Apart from challenging NWYS's summary judgment motion, Mr. Henderson argues the trial court erroneously denied his summary judgment motion. Our assessment of the record is that the trial court, after granting summary judgment to NWYS, did not act on Mr. Henderson's summary judgment motion. Accordingly, there is no other decision for us to review. Whether or not Mr. Henderson is entitled to summary judgment or judgment as a matter of law is an issue that may be

decided by the trial court on remand. It is not something this court will review in the first instance.

## CONCLUSION

The order granting summary judgment in favor of NWYS is reversed. This matter is remanded for further proceedings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

WE CONCUR: